Justice TROY WAYNE POTEETE.

Case History

The Appellant/Claimant, (hereafter Claimant) Sheila Sitzman, was an employee of Respondent/Appellee (hereafter Respondent), Cherokee Nation Enterprises. On June 2, 2006, in the course and scope of her employment, she sustained an injury to her neck and spine. Claimant received medical treatment for her injuries. She gained a written evaluation of a medical expert of her own choosing which indicated a partial permanent disability of 25%. She was ultimately evaluated by the employer/Respondent’s chosen medical expert who provided a written report indicating a partial permanent disability of 11%. Pursuant to Section 7(c) of THE WORKER’S COMPENSATION ACT AS AMENDED, Legislative Act 31-05, and the medical report of its chosen medical expert, Respondent Cherokee Nation Enterprises, made a final decision on the compensation to be paid to the Claimant, Sheila Sitzman. Claimant did not agree with Respondent’s determination of 11% partial permanent disability. Pursuant to the provisions of Section 48(A)(1) of “THE WORKER’S COMPENSATION ACT AS AMENDED”, Legislative Act 31-05, Claimant timely filed her dispute and request for *398 arbitration with Respondent’s Director of Human Resources.
The dispute was tried before the Respondent’s designated Arbitrator, Jim D. Filosa. The Claimant offered the written medical report of her chosen medical expert, Dr. Kenneth R. Trinidad, concerning her injuries and permanent partial disability and disfigurement claims. Respondent objected to the admission of the Trinidad report, as to the probative value concerning his finding of separate permanent impairment to the thoracic spine; no other objections were offered. The Arbitrator overruled the Respondent’s objection and admitted the written report of Claimant’s medical expert as Claimant’s Exhibit No. 1.
Respondent did not otherwise object to the introduction of the written report of Claimant’s medical expert and the Arbitrator considered the report in making his determination.
The Arbitrator determined that Claimant had sustained 25% permanent partial disability and submitted his supplemental/corrected Order awarding benefits to the Claimant based on that determination.
The Respondent filed its Amended Petition for Judicial Review of the Arbitrator’s Award in Cherokee Nation District Court on April 28, 2009. The District Court determined that the Arbitrator erred by admitting the medical report of Claimant’s medical expert during the Arbitration proceeding, and entered an Order accordingly. From that Order entered by the District Court on July 31, 2009, the Claimant lodges this appeal.

Issue

We are asked to determine whether the report of the Claimant’s medical expert is admissible at arbitration under Legislative Act 31-05 “THE WORKER’S COMPENSATION ACT AS AMENDED” and Legislative Act 25-03 “THE UNIFORM ARBITRATION ACT AS ADOPTED,” or whether these statutes limit the consideration to the report of the medical expert, chosen by the Respondent.

Standard of Review

The question before us is one of statutory construction; whether the District Court erred in its legal conclusion that the “THE WORKER’S COMPENSATION ACT AS AMENDED” and Legislative Act 25-03 “THE UNIFORM ARBITRATION ACT AS ADOPTED” prohibit the Arbitrator from admitting the medical report of Claimant’s medical expert. Because the question before us is one of statutory interpretation, this Court reviewed “de novo” the District Court’s legal conclusions. Smith v. Election Commission SC-09-03.

Discussion

The Respondent’s sole allegation of error presented in its appeal to the District Court was that the Arbitrator allowed into evidence the medical report of Claimant’s medical expert, Dr. Kenneth R. Trinidad. Respondent contended that the statutes allow only consideration of medical experts chosen by the employer. The Trial Court concurred with this interpretation of the statute and entered its Order dated July 31, 2009, reversing the Arbitrator and, in effect, reinstated the Respondent’s final decision of compensation for the Claimant’s claim for permanent partial total disability and disfigurement.
The language of Legislative Act 31-05 “THE CHEROKEE NATION WORKER’S COMPENSATION ACT AS AMENDED” Section 47(A)(3) states in pertinent part:

“A calculation of the percentage of permanent partial disability shall be 
*399
made by the designated third party administrator or the physician of the employer’s choice.’’(emphasis added)

The Respondents request that we determine that this language prohibits the use of a second doctor’s opinion when an employee exercises his or her right to an appeal under Section 48(A) of this Act, which states in pertinent part:
“A final decision mods.may be reviewed through arbitration pursuant to this section and the Cherokee Nation Uniform Arbitration Act.”
Our decision must be guided by the overall legislative scheme set out in Legislative Act 31-05 “THE CHEROKEE NATION WORKER’S COMPENSATION ACT AS AMENDED” and Legislative Act 25-03 “THE UNIFORM ARBITRATION ACT AS ADOPTED”, with particular attention to Section 15 of Legislative Act 25-OS “THE UNIFORM ARBITRATION ACT AS ADOPTED” which states in pertinent part:
“The authority conferred upon the arbitrator includes the power to hold conferences with the parties to the arbitration proceeding before the hearing and, among other matters, determine the admissibility, relevance, materiality and weight of any evidence." (emphasis added)
Construction of these enactments together as a whole requires that we also contemplate the provisions of Section 7(D) of Legislative Act 31-05 “THE WORKER’S COMPENSATION ACT AS AMENDED”. The provision states in pertinent part:
“If the claimant, agrees with the final decision of employer a ■memorandum, of such agreement signed by both the employer and the employee, shall be placed in the Worker’s Compensation case file. This agreement shall be deemed binding upon the parties thereto..” (emphasis added,)
This language makes obvious that the Tribal Council contemplated a situation such as the case instanter, where the employee, Ms. Sitzman, did not agree. The above cited provision for a signed agreement suggests that the provisions of Section 48, providing an appeal under the provisions of the arbitration act as an alternative if, as in this case, an employee did not agree with the pronouncements of the employer’s physician.
Respondent further urges that the legislative intent of the language of Section 47 of Legislative Act 31-05 “THE WORKER’S COMPENSATION ACT AS AMENDED” precluded any consideration of medical evidence other than that presented by the employer’s designated physician. Because a ruling as to the extent of the employee’s disability is appealable by legislative enactment, the proposed construction of this Section would render the provision of Section 48, allowing employee/claimants such as Ms. Sitzman to have their case heard under the provisions of Legislative Act 25-03 “THE UNIFORM ARBITRATION ACT AS ADOPTED”, ineffectual. We can not agree that the Tribal Council intended the language of any particular Section of Legislative Act 31-05 “THE WORKERS COMPENSATION ACT AS AMENDED” could be so isolated from the Section immediately following, and tortured with so narrow an interpretation, as to render the provisions of succeeding Sections of the Act void of practical application. Rather, we construe the Act as a whole.
Section 48 of Legislative Act 31-05 “THE WORKER’S COMPENSATION ACT AS AMENDED” expressly provides review under the Arbitration Act. The Arbitration Act specifically empowers the Arbitrator to, “determine the admissibility, *400 relevance, materiality and weight of any evidence.” [See Section 15 as set out above]. If Arbitrators were prohibited from considering evidence other than that provided by the Respondents, Arbitrators would have no reason to arbitrate a Workers Compensation Disability Case and the provisions in Legislative Act 31-05 “THE WORKER’S COMPENSATION ACT AS AMENDED” allowing arbitration would be rendered useless and without practical application.
We believe that a proper construction of Legislative Act 31-05 “THE WORKER’S COMPENSATION ACT AS AMENDED” allows an Arbitrator to consider medical evidence provided by an employee/claimant.
The District Court Order reversing the Arbitrator’s Order is vacated; and these proceedings are remanded to the District Court to enter a judgment based on the Arbitrator’s award entered on April 6, 2009.
IT IS SO ORDERED.
Concurring: Chief Justice DARELL R. MATLOCK, JR., Justice DARRELL DOWTY, Justice KYLE B. HASKINS.
Recused: JAMES G. WILCOXEN, Justice.